IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

EARL INGELS,

    Petitioner,  : Case No. 1:21-cv-561

 - vs -      District Judge Matthew W. McFarland
           Magistrate Judge Michael R. Merz

WARDEN, North Central
 Correctional Institution,

           :
    Respondent.

## DECISION AND ORDER STRIKING ATTACHMENT TO TRAVERSE

  This is a habeas corpus action brought *pro se* by Petitioner Earl Ingels under 28 U.S.C. § 2254 to obtain relief from his convictions in the Hamilton County Court of Common Pleas on charges of kidnapping and gross sexual imposition. The case is ripe for decision on the Petition (ECF No. 4), the State Court Record (ECF No. 9), the Return of Writ (ECF No. 10), and Petitioner's Traverse (ECF No. 16).

  In reviewing the Traverse prior to deciding the case, the Magistrate Judge noted the 136-page Appendix to the Traverse which is labeled Defense Exhibit 3 and was apparently, from its context, prepared to be presented on resentencing. It includes formal pleadings from the case record on remand, but also many other sorts of documents not included in the State Court Record, including newspaper clippings, excerpts from case notes, and so forth.

1

Petitioner introduced this Appendix by claiming the information was "provided by a group of senior law students from two nationally recognized law colleges." (ECF No. 9, PageID 1343). While some of the lab test results and testimony were obtained, it is claimed, by a Freedom of Information Act request to the Hamilton County Sheriff, "additional interviews and reports were obtained by private investigators employed by the Law Cooperative." *Id*. Finally, Petitioner represents this information was "later reviewed by Past Attorney General Jim Petro for confirmation of facts."

The Court cannot consider this material in deciding the case. Procedurally, a habeas corpus case must be decided on the basis of the record made in the state courts and certified by the present Attorney General. That record can only be expanded on motion under Habeas Rule 7; Petitioner has never sought permission to expand the record.

Substantively, the material is also not acceptable. The Court does not know who the persons are who are providing information – the names of groups mentioned by Petitioner are unknown to the Court. Much of the material is unauthenticated, a matter of opinion on which the Court cannot accept opinion evidence, hearsay, etc.

It is accordingly ORDERED that the Appendix to the Traverse be STRICKEN.

June 21, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
