# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

EARL INGELS,

        Petitioner,     :    Case No. 1:21-cv-561

  - vs -                        District Judge Matthew W. McFarland
                                  Magistrate Judge Michael R. Merz

WARDEN, North Central
 Correctional Institution,

                                  :
        Respondent.

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought *pro se* by Petitioner Earl Ingels under 28 U.S.C. § 2254 to obtain relief from his convictions in the Hamilton County Court of Common Pleas on charges of kidnapping and gross sexual imposition. The case is ripe for decision on the Petition (ECF No. 4), the State Court Record (ECF No. 9), the Return of Writ (ECF No. 10), and Petitioner's Traverse (ECF No. 16).

**Litigation History**

On September 8, 1995, the Hamilton County, Ohio, Grand Jury indicted Ingels on one count of rape in violation of Ohio Revised Code § 2907-02(A)(1)(a), one count of sexual battery in violation of Ohio Revised Code § §2907.03(A)(2)), and one count of gross sexual imposition by drugs in violation of Ohio Revised Code § §2907.05(A)(2) (State Court Record ECF No. 9. Ex. 1). Counts One and Three were dismissed in return for a plea of guilty to a reduced charge on

1

Count Two on which he received a probationary sentence. Less than two years later, probation was revoked on eight violations of a sexual nature with job applicants. Ingels did not appeal either the conviction of the revocation.

On February 20, 1998, the Hamilton County grand jury indicted Ingels on six counts of kidnapping in violation of Ohio Revised Code § 2905.01(A)(4)(Counts 1, 3, 4, 5, 6, and 8); one count of gross sexual imposition in violation of Ohio Revised Code § 2907.05(a)(2)(Count 2); and one count of sexual battery in violation of Ohio Revised Code § 2907.03, (Count 7). Counts 1, 2, 3, 4 and 8 each carried a sexually violent predator specification and a sexual motivation specification. (State Court Record ECF 9, Exhibit 7). On April 8, 1998, the grand jury filed a separate indictment charging Ingels with two additional counts of kidnapping.

Following a jury trial, Ingels was found guilty of Counts 1 with specifications, 2, 3 with specifications, and 8 in Case No. B-9800321. The jury also found Ingels had acted with sexual motivation and the trial court found him to be a sexually violent predator for sentencing enhancement purposes. On July 31, 1998, in Case No. B-9800321, the trial court sentenced Ingels to nine years to life in prison on Count 1; one year, six months in prison on Count 2, to be served concurrently with Count 1; nine years to life in prison on Count 3, to be served consecutively to Counts 1 and 2; and four years in prison on Count 8, to be served consecutively to Count 3, for an aggregate sentence of 22 years to life for this case. (State Court Record, ECF 9, Exhibit 11).

In Case No. B-9802147, the jury found Ingels guilty on Counts 1 with specifications, 3, 4, and 5. In Case No. B-9802147, Ingels was ordered to serve nine years in prison on each of Counts 1 and 3, to be served consecutively to each other, and consecutive to the sentence for Count 8 in Case No. B-9800321; 12 months in prison on Count 4, to be served concurrently to Count 3; and 12 months in prison on Count 5, served consecutively to Count 3, for an aggregate 19 years

sentence for this case. (ECF 9, Exhibit 12, Case No. B-9802147, PageID #272). Ingels's aggregate sentence for both 1998 cases was 41 years to life. With the consecutive two-year suspended sentence imposed from Case No. B-9500321, his total aggregate sentence for all three cases was 43 years to life. (ECF 9, Exhibits 6, 13-14; PageID ##251, 273-74).

Ingels pursued numerous unsuccessful post-conviction attacks on his sentence, all unsuccessful until February 28, 2018, when the First Appellate District Court reversed itself on the sentencing-enhancement issue Ingels had been litigating since 2009, and held that the trial court had improperly used the sexually violent predator findings in Case Nos. B-9800321 and B-9802147 to enhance Ingels's kidnapping sentences with a life tail in Case No. B-9800321. The appellate court voided the kidnapping sentences imposed on Counts 1 and 3 in Case No. B-9800321, and remanded the case to the trial court for correction and resentencing of the kidnapping convictions. (State Court Record, ECF 9, Exhibit 108, Case No. C-1600864).

At his resentencing hearing for Case No. B-9800321, the trial court imposed 10-year sentences on Counts 1 and 3, each of the kidnapping counts; one year six months on Count 2; and four years on Count 8 with all sentences to be served consecutively to each other and consecutively to the sentences previously imposed in Case Nos. B-9507715 and B-9802147 making Ingels' aggregate prison sentence a definite 45 years. Ingels was also found to be a sexual predator and ordered to register for life. (State Court Record, ECF 9, Exhibits 112-114).

Ingalls appealed to the First District Court of Appeals which affirmed (State Court Record, ECF No. 9, Exs. 118, 119). The Supreme Court of Ohio declined jurisdiction. *Id.* at Ex. 122. Ingalls then filed his Petition in this Court, pleading the following grounds for relief:

> **Ground One:** A more severe sentence imposed upon remand by a different judge other than the original trial judge is vindictive and deprives petitioner of his right to due process under the Fourteenth Amendment.

3

> **Supporting Facts:** The Petitioner's original aggregated sentence was 18 years with a release date of July 25, 2016. At Re-Sentencing without just cause and the fact this jurist had had the petitioner before her previously for resentencing, She increased the Petitioner's sentence by 25years this time. With a new release date of July 6th 2043. At which time the Petitioner would be 99 YEARS OLD.
>
> **Ground Two**: Trial Court's resentencing denied petitioner his Fifth Amendment Constitutional right to be Protected from Double Jeopardy.
>
> **Supporting Facts:** The Petitioner was Re-sentenced on a sentence that has already expired. And on an Enhancement/Sanction the First Dist. Court of Appeals had clerly [sic] stated was VOID and remanded for the Enhancement/Sanction an additional (5) years on a total Sentence or Sentence's that expired on JULY 25, 2016 as aggregated and in accordance with Ohio Sentencing Statues [sic] and Guidelines. The new sentence without removal of the Enhancement/Sanctions casued [sic] the Petitioner to be again subject to an illegal Violent Sexual Predator Sanction. Which as stated in 2018-Ohio724 was illegal and VOID. This was ordered removed also.

(Petition, ECF 4).

## Analysis

The original aggregate sentence of two years in Defendant's 1996 case was imposed by The Honorable Thomas Crush (State Court Record, Judgment Entry, Ex. 4).  The aggregate sentence of forty-three year to life was also imposed by Judge Crush in 1998. *Id.* at Ex. 11.  Judge Crush retired from the Hamilton County Court of Common Pleas Court January 14, 2005.  As of February 2008, the record contains entries signed by Common Pleas Judge Ralph Winkler (State Court Record, ECF No. 9, Ex. 28).  Judge Winkler remained on the case to resentence Petitioner in May 2014. *Id.* at Ex. 83.  On March 2, 2016, Judge Meghan Shanahan entered a new Judgment

4

nunc pro tunc to May 8, 2014. *Id.* at Ex. 93. Finally, it was Judge Shanahan who entered the forty-five year sentence currently before this Court. *Id.* at Ex. 114. Thus it was Judge Shanahan's 2016 sentence which was reversed by the First District and replaced with her 2018 sentence now before the Court. In this sense, Ingels was re-re-sentenced by the same judge who had previously sentenced him on remand.

However, the offending term of the sentence – enhancement to add the life tail – occurred because the trial judge, Judge Crush, used the Ingels' conviction as a sexually motivated offender to enhance his sentence on the basis of his being "sexually violent predator." *State v. Ingels,* (Ohio App. 1st Dist. Sept. 9, 2020), not reported; copy at State Court Record, ECF No. 9, Ex. 118. This was error, rendering the sentence void.

> [A]s the law existed at the time of Mr. Ingels's convictions, it required a previous conviction of a sexually violent offense in order to enhance the sentences. *Ingels* at ¶ 9. As a result, "R.C. Chapter 2971, as it provided when [Mr.] Ingels was sentenced, did not confer upon the trial court the authority to enhance his sentences for the sexually motivated kidnappings." *Id.* This court ultimately found the sentences imposed for counts one and three void and remanded for the imposition of new sentences. *Id* at ¶ 15.

*Id..* at ¶ 4.

When the case was last before the First District, Ingels claimed the trial court (Judge Stranahan) lacked jurisdiction to impose a new sentence and that her jurisdiction was limited to removing the life tails. *Id.* at ¶¶ 7-8. The first District rejected that interpretation of its prior holding and concluded imposition of the new forty-five year sentence complied with the mandate. *Id.* Ingels does not plead lack of jurisdiction as a ground for relief here.

5

**Ground One: Vindictive Re-Sentencing**

In his First Ground for Relief, Ingels claims he received an unconstitutionally increased sentence on remand in violation of the Fourteenth Amendment.

*In North Carolina v. Pearce*, 395 U.S. 711 (1969), the Supreme Court held that the Double Jeopardy Clause does not prohibit imposition of a more severe sentence on remand upon a defendant who obtains a reversal of his conviction. If a conviction has been set aside for nonconstitutional error, due process would be violated by imposition of a penalty for pursuing that remedy. Due process also requires that vindictiveness play not part in any new sentence received after remand. Whenever a judge imposes more severe sentence upon defendant whose original conviction had been set aside at his behest, the judge's reasons for doing so must affirmatively appear and must be based upon objective information concerning identifiable conduct on part of defendant occurring after time of original sentencing and factual data upon which increased sentence is based must be made part of record so that constitutional legitimacy of increased sentence may be fully reviewed on appeal.

> In order to assure the absence of such a motivation [of vindictiveness], we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. These reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentence.

395 U.S. at 726. *See also United States v. Goodwin*, 457 U.S. 368 (1982). The law entertains a presumption of vindictiveness when re-sentencing is by the same judge who was reversed; the presumption does not apply when the resentencing is by different judge. *Goodell v. Williams*, 643 F.3d 490 (6th Cir. 2011), relying on *Texas v. McCullough*, 475 U.S. 134 (1986). *See also Gonzales*

*v. Wolfe*, 290 F. App'x 799, 812-13 (6th Cir. 2008); *Gauntlett v. Kelley*, 849 F.2d 213 (6th Cir. 1998). A defendant who does not have the benefit of the presumption can still prevail if he can show actual vindictiveness. *Craycraft v. Cook*, 634 Fed. Appx. 490 (6th Cir. 2015); *United States v. Jackson*, 181 F. 3d 740, 744 (6th Cir. 1999); *Rahab v. Buchanan*, 2018 U.S. Dist. LEXIS, 2018 WL 2764454 (S.D. Ohio June 8, 2018).

Vindictiveness for reversal is the evil to be guarded against, so the Supreme Court has obviated the presumption in other circumstances. In *Texas v. McCullough*, 475 U.S. 134, 139 (1986), the Court found no warrant for indulging the presumption because a new trial had been granted by the sentencing judge because of prosecutorial misconduct. The trial judge thus "had 'no motivation to engage in self-vindication.'" *Id.* at 139, quoting *Chaffin v. Stynchcombe*, 412 U.S. 17, 27 (1973). The same logic applies here. Judge Strahahan had not chosen the life-tail sentence and had no motive to be vindictive when ordered to re-sentence vindictively in its absence.

Secondly, the Magistrate Judge shares the doubts of the First District that the ultimate sentence is more severe than the original sentence, the necessary premise for a finding of vindictiveness regardless of who imposed the sentence. While it seems fairly obvious that a sentence of forty-five years is less severe than a sentence of forty-three years to life, Ingels argues the minimum term on his previous sentence had already expired July 25, 2016. Assuming that calculation is correct, Ingels has not shown that he had any reasonable expectation of release on that date or on any particular future date short of forty-five years.

Because the First District Court of Appeals decided Ingels' vindictive resentencing claim on the merits, its decision is entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). Ingels has not shown

7

how its decision is either contrary to or an objectively unreasonable application of clearly established law as shown in Supreme Court precedent. Therefore Ground One should be dismissed on the merits.

**Ground Two: Double Jeopardy**

In his Second Ground for Relief, Ingels asserts his re-sentencing caused him to be placed twice in jeopardy for offenses on which he had already been sentenced and on which he had already served the sentence. Respondent contends Ingels has procedurally defaulted on this claim by failing to fairly present it to the Ohio courts.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*,

8

456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

In his Traverse Ingels does nothing to respond to Respondent's position on Ground Two. That is, he does not attempt to show that this claim was fairly presented to the First District or that he has any excusing cause to present to this Court for failing to do so. Ground Two should be dismissed as procedurally defaulted.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and

that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

June 21, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
