IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

EARL INGELS,

        Petitioner,    :    Case No. 1:21-cv-561

- vs -    District Judge Matthew W. McFarland
    Magistrate Judge Michael R. Merz

WARDEN, North Central
  Correctional Institution,

    :
        Respondent.

## DECISION AND ORDER DENYING SECOND MOTION FOR JUDICIAL NOTICE

This habeas corpus case is before the Court on Petitioner's Second Motion for Judicial Notice (ECF No. 25).

Petitioner previously moved the Court to take judicial notice of certain documents and their contents (ECF No. 15). The Magistrate Judge denied the prior Motion without prejudice, noting deficiencies and agreeing to reconsider the Motion if these deficiencies were cured (Order, ECF No. 18). Petitioner's instant Second Motion for Judicial Notice attempts to deal with those deficiencies. There are copious documents filed as attachments. There is no reason to question the authenticity of the attachments: they all appear to be copies of all or portions of documents from official files on the case with the exception of the highlighting in pink and the Affidavit of Kimberly Stieritz at PageID 182 which does not show that it has ever been part of an official file.

The difficulty with Petitioner's submission is that it completely mistakes the purpose of

1

judicial notice. Petitioner's Memorandum begins with an impressive citation to James Bradley Thayer's treatise on evidence which is the well spring of American evidence law, but Ingels extrapolates from that something like an omnibus judicial remedy in federal court for errors in the state court processes. The habeas authority was at its broadest in 1963 after the decisions in *Fay v. Noia*, 372 U.S. 391 (1963); and *Townsend v. Sain*, 372 U.S. 293 (1963). But that breadth has long since been narrowed both by case law and by statute. See *Stone v. Powell*, 428 U.S. 465 (1976); *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Cullen v. Pinholster*, 563 U.S. 170 (2011); *Shinn v. Martinez Ramirez,* 596 U.S. ___, 142 S.Ct. 1718 (2022); Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").

The gravamen of Ingels' current claim is that Judge Shanahan did not properly do the last resentencing in the case. He variously claims that she did not have jurisdiction to impose a new sentence or that she did not properly consider all of the evidentiary materials he submitted to her and which he now wishes this Court to consider.

The question of properly interpreting the remand order from 2018 is a question of Ohio law. Ingels presented that question to the Ohio courts, both to Judge Shanahan and to the First District Court of Appeals. The First District affirmed Judge Shanahan's new sentence and its decision on that question of Ohio law is binding on this Court. *Bradshaw v. Richey*, 546 U.S. 74 (2005).

With respect to the particular documents submitted with the Second Motion for Judicial Notice, some of them might be admissible on a motion to expand the record because they were part of the materials before the state courts[1]. That would be a futile gesture, however, because they are not material on the determinative questions of whether the presumption of vindictiveness

---

[1] Although the Court would insist on whole documents without commentary, including highlighting.

applies to Judge Shanahan's new sentence or whether Ingels' double jeopardy claim was fairly presented to the First District Court of Appeals.

Because the materials submitted with the Second Motion for Judicial Notice are not material to the outcome of the case, the Motion is DENIED.

September 6, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge