# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

EARL INGELS,

          Petitioner,  :  Case No. 1:21-cv-561

  - vs -                        District Judge Matthew W. McFarland
                                            Magistrate Judge Michael R. Merz

WARDEN, North Central
 Correctional Institution,

                                              :

          Respondent.

## SUBSTITUTED REPORT AND RECOMMENDATION

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 23) to the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed with prejudice ("Report," ECF No. 20). District Judge McFarland has recommitted the case for reconsideration in light of the Objections (ECF No. 24).

To permit comprehensive consideration of the issues Petitioner raises, the Magistrate Judge hereby WITHDRAWS the original Report and files this Substituted Report and Recommendations.

**Litigation History**[1]

On September 8, 1995, the Hamilton County, Ohio, Grand Jury indicted Ingels on one

---

[1] The Magistrate Judge repeats here the Litigation History contained in the original Report

1

count of rape in violation of Ohio Revised Code § 2907-02(A)(1)(a), one count of sexual battery in violation of Ohio Revised Code § §2907.03(A)(2)), and one count of gross sexual imposition by drugs in violation of Ohio Revised Code § §2907.05(A)(2) (State Court Record ECF No. 9. Ex. 1). Counts One and Three were dismissed in return for a plea of guilty to a reduced charge on Count Two on which he received a probationary sentence. Less than two years later, probation was revoked on eight violations of a sexual nature with job applicants. Ingels did not appeal either the conviction or the revocation.

On February 20, 1998, the Hamilton County grand jury indicted Ingels on six counts of kidnapping in violation of Ohio Revised Code § 2905.01(A)(4)(Counts 1, 3, 4, 5, 6, and 8); one count of gross sexual imposition in violation of Ohio Revised Code § 2907.05(a)(2)(Count 2); and one count of sexual battery in violation of Ohio Revised Code § 2907.03, (Count 7). Counts 1, 2, 3, 4 and 8 each carried a sexually violent predator specification and a sexual motivation specification. (State Court Record ECF 9, Exhibit 7). On April 8, 1998, the grand jury filed a separate indictment charging Ingels with two additional counts of kidnapping.

Following a jury trial, Ingels was found guilty of Counts 1 with specifications, 2, 3 with specifications, and 8 in Case No. B-9800321. The jury also found Ingels had acted with sexual motivation and the trial court found him to be a sexually violent predator for sentencing enhancement purposes. On July 31, 1998, in Case No. B-9800321, the trial court sentenced Ingels to nine years to life in prison on Count 1; one year, six months in prison on Count 2, to be served concurrently with Count 1; nine years to life in prison on Count 3, to be served consecutively to Counts 1 and 2; and four years in prison on Count 8, to be served consecutively to Count 3, for an aggregate sentence of 22 years to life for this case. (State Court Record, ECF 9, Exhibit 11).

In Case No. B-9802147, the jury found Ingels guilty on Counts 1 with specifications, 3, 4,

and 5. In Case No. B-9802147, Ingels was ordered to serve nine years in prison on each of Counts 1 and 3, to be served consecutively to each other, and consecutive to the sentence for Count 8 in Case No. B-9800321; 12 months in prison on Count 4, to be served concurrently to Count 3; and 12 months in prison on Count 5, served consecutively to Count 3, for an aggregate 19 years sentence for this case. (ECF 9, Exhibit 12, Case No. B-9802147, PageID #272). Ingels's aggregate sentence for both 1998 cases was 41 years to life. With the consecutive two-year suspended sentence imposed from Case No. B-9500321, his total aggregate sentence for all three cases was 43 years to life. (ECF 9, Exhibits 6, 13-14; PageID ##251, 273-74).

Ingels pursued numerous unsuccessful post-conviction attacks on his sentence, all unsuccessful until February 28, 2018, when the First Appellate District Court reversed itself on the sentencing-enhancement issue Ingels had been litigating since 2009, and held that the trial court had improperly used the sexually violent predator findings in Case Nos. B-9800321 and B-9802147 to enhance Ingels's kidnapping sentences with a life tail in Case No. B-9800321. The appellate court voided the kidnapping sentences imposed on Counts 1 and 3 in Case No. B-9800321, and remanded the case to the trial court for correction and resentencing of the kidnapping convictions. (State Court Record, ECF 9, Exhibit 108, Case No. C-1600864).

At his resentencing hearing for Case No. B-9800321, the trial court imposed 10-year sentences on Counts 1 and 3, each of the kidnapping counts; one year six months on Count 2; and four years on Count 8 with all sentences to be served consecutively to each other and consecutively to the sentences previously imposed in Case Nos. B-9507715 and B-9802147 making Ingels' aggregate prison sentence a definite 45 years. Ingels was also found to be a sexual predator and ordered to register for life. (State Court Record, ECF 9, Exhibits 112-114).

Ingels appealed to the First District Court of Appeals which affirmed (State Court Record,

ECF No. 9, Exs. 118, 119). The Supreme Court of Ohio declined jurisdiction. *Id.* at Ex. 122. Ingels then filed his Petition in this Court, pleading the following grounds for relief:

> **Ground One:** A more severe sentence imposed upon remand by a different judge other than the original trial judge is vindictive and deprives petitioner of his right to due process under the Fourteenth Amendment.
>
> **Facts:** The Petitioner's original aggregated sentence was 18 years with a release date of July 25, 2016. At Re-Sentencing without just cause and the fact this jurist had had the petitioner before her previously for resentencing, She increased the Petitioner's sentence by 25years this time. With a new release date of July 6th 2043. At which time the Petitioner would be 99 YEARS OLD.
>
> **Ground Two**: Trial Court's resentencing denied petitioner his Fifth Amendment Constitutional right to be Protected from Double Jeopardy.
>
> **Supporting Facts:** The Petitioner was Re-sentenced on a sentence that has already expired. And on an Enhancement/Sanction the First Dist. Court of Appeals had clerly [sic] stated was VOID and remanded for the Enhancement/Sanction an additional (5) years on a total Sentence or Sentence's that expired on JULY 25, 2016 as aggregated and in accordance with Ohio Sentencing Statues [sic] and Guidelines. The new sentence without removal of the Enhancement/Sanctions casued [sic] the Petitioner to be again subject to an illegal Violent Sexual Predator Sanction. Which as stated in 2018-Ohio724 was illegal and VOID. This was ordered removed also.

(Petition, ECF 4, PageID 124-26).

In the original Report, the Magistrate Judge found that Petitioner's First Ground for Relief (vindictive re-sentencing) had been decided by the Ohio First District Court of Appeals on the merits; because it was neither contrary to clearly established Supreme Court precedent nor an objectively unreasonable application of that precedent, it was entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). The Warden had asserted Ingels' Second Ground for Relief (Double Jeopardy) was

procedurally defaulted because it had not been fairly presented to the First District. The original Report noted that Ingels had not responded to this defense and found it was well taken. Thus the original Report recommended the Petition be dismissed with prejudice (ECF No. 20, PageID 1492).

**Objections**

    **Not Applying a Presumption of Vindictiveness on Re-sentencing**

Ingels first objects that the sentence he is now serving – 45 years – was imposed by Megan Shanahan, the same judge whose prior sentence – 43 years to life – was reversed on appeal.

The State Court Record shows that on May 16, 2014, Common Pleas Judge Ralph Winkler entered a Judgment imposing a mandatory sentence of post-release control (ECF No. 9, Ex. 83). Judge Winkler was ordered to do so by the First District in its decision of February 5, 2014, in which it found failure to impose post-release control rendered the existing judgment void, albeit not on the enhancement issue Ingels had raised.

> {9} But Ingels's sentences are void to the extent that he was not notified concerning postrelease control. We, therefore, remand this cause for correction of the offending portions of lngels's sentences in accordance with the law and this opinion.

(State Court Record, ECF No. 9, PageID 793-94). The life tails are included in the Judgment Judge Winkler entered, but they were not new with him. As the original Report relates, they had been included in the judgment imposed by Judge Thomas Crush in 1998 (ECF No. 20, PageID 1487). Judge Crush had retired by 2014 and therefore could not re-sentence Ingels.

There were also errors in Judge Winkler's resentencing judgment. On April 29, 2015, the

First District again ordered a remand for correction of those errors (State Court Record, ECF No. 9, PageID 848-49).  By this time Judge Megan Shanahan had taken Judge Winkler's seat.  On March 2, 2016, she entered a revised judgment which she made "*nunc pro tunc* to May 8, 2014," as to the post-release control notification (State Court Record, ECF No. 9, PageID 888).

Eventually Ingels persuaded the First District that the life tails were void and they remanded for resentencing that would not include the life tails. However, as the original Report noted:

> Finally, it was Judge Shanahan who entered the forty-five year sentence currently before this Court. *Id.* at Ex. 114. Thus it was Judge Shanahan's 2016 sentence which was reversed by the First District and replaced with her 2018 sentence now before the Court. In this sense, Ingels was re-re-sentenced by the same judge who had previously sentenced him on remand.
>
> However, the offending term of the sentence – enhancement to add the life tail – occurred because the trial judge, Judge Crush, used the Ingels' conviction as a sexually motivated offender to enhance his sentence on the basis of his being "sexually violent predator." *State v. Ingels,* (Ohio App. 1st Dist. Sept. 9, 2020), not reported; copy at State Court Record, ECF No. 9, Ex. 118.

(Report, ECF No. 20, PageID 1488).

Ingels argues the Report is wrong for not applying a presumption of vindictiveness to the forty-five year sentence because Judge Shanahan had imposed the forty-three years to life void sentence in 2016 (Objections, ECF No. 23, PageID 1499-1500).  This objection misses the whole point of the presumption of vindictiveness which is to prevent a trial judge from taking vengeance on a defendant who successfully wins a new trial on appeal.  In *North Carolina v. Pearce*, 395 U.S. 711 (1969), the Supreme Court held:

> In order to assure the absence of such a motivation [of vindictiveness], we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the

6

> reasons for his doing so must affirmatively appear. These reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentence.

395 U.S. at 726. *See also United States v. Goodwin*, 457 U.S. 368 (1982). In the first place, there was never a second trial in this case. Second, the presumption does not apply when the resentencing is by different judge even after a new trial because the second judge does not have the same motive for vindictiveness as the judge who has been reversed. *Goodell v. Williams*, 643 F.3d 490 (6th Cir. 2011), relying on *Texas v. McCullough*, 475 U.S. 134 (1986). *See also Gonzales v. Wolfe*, 290 F. App'x 799, 812-13 (6th Cir. 2008); *Gauntlett v. Kelley*, 849 F.2d 213 (6th Cir. 1998). Imposition of the life tails was eventually found by the First District to have been error – but it was Judge Crush's error, not Judge Stranahan's. If re-sentencing had been by Judge Crush, the presumption could appropriately have been imposed. But the federal appellate courts do not extend the presumption of vindictiveness to other judges of the same court as the original sentencer.

A defendant who does not have the benefit of the presumption can still prevail if he can show actual vindictiveness. *Craycraft v. Cook*, 634 Fed. Appx. 490 (6th Cir. 2015); *United States v. Jackson*, 181 F. 3d 740, 744 (6th Cir. 1999); *Rahab v. Buchanan*, 2018 WL 2764454 (S.D. Ohio June 8, 2018). But Ingels has presented no evidence to show actual vindictiveness on Judge Stranahan's part.

**Failure to Abide by Stare Decisis**

Ingels objects that the Magistrate Judge had failed to abide by the doctrine of stare decisis (ECF No. 23, PageID 1502-03). This objection is unintelligible to the Magistrate Judge because

7

Ingels does not say what prior decision of any Court the Magistrate Judge failed to abide by.

### Deference to Improper State Court Findings

Ingels next objects that the Magistrate Judge recommended deference to erroneous findings of the Ohio courts (Objections, ECF No. 23, PageID 1503-06).

Ingels is now serving a definite sentence of forty-five years; his prior sentence was forty-three years to life. In the original Report, the Magistrate Judge said he shared the doubts of the First District that the current sentence is more severe than the prior one. Ingels objects that his prior sentence, being an indefinite one, was subject to the possibility of parole at any time after he had served the combined mandatory minimum of fifteen years.

The First District found it unnecessary actually to decide if the new sentence was more severe than the prior one, which it characterized as being two life sentences. Instead, it found Ingels had no legitimate expectation of finality in sentences which he had been arguing for years were void. Instead, the First District relies on the fact that a different judge imposed the current sentence. For reasons set out above, that reliance was determinative.

### Double Jeopardy

In his Second Ground for Relief, Ingels claimed his re-sentencing violated his Double Jeopardy rights. Respondent asserted this claim had not been fairly presented to the First District Court of Appeals and the Magistrate Judge agreed the claim was thereby procedurally defaulted.

Respondent had raised the procedural default defense in the Return of Writ (ECF No. 10,

PageID 1297). The original Report noted that "In his Traverse Ingels does nothing to respond to Respondent's position on Ground Two." (Report, ECF No. 20, PageID 1492).

In his Objections, Ingels does not attempt to refute this finding. Instead he does what he should have done in the Traverse: attempt to show he did make a fair presentation of the claim in the First District (Objections, ECF No. 23, PageID 1506-08).

His first example is at PageID 1506 where he cites "Habeas Petition, [at] exhibit number seven (7), Petitioner has attached his resentencing transcript. On page 15, lines 1-3, the transcript states, "we also note that the specification is punitive and places the defendant in double jeopardy position." There are four pages of uncertified transcript at Exhibit 7, none of which is numbered page 15. In any event, argument made to the trial judge at re-sentencing is not an argument made to the court of appeals.

Ingels' second example is purportedly at "page 13 of Petitioner's First District Court of Appeals Appellant Brief." (Objections, ECF No. 23, PageID 1506). In that Brief, Ingels, who was represented by counsel, made two assignments of error and presented several issues for review under each (Brief, State Court Record, ECF No. 9, Ex. 116). None of the Assignments or Issues is predicated on a double jeopardy violation. At the cited place, counsel wrote

> if the classification is considered punitive, and it imposes additional criminal punishment on those convicted of sexually oriented offenses, it would violate the double jeopardy clause of the Fifth Amendment. See, S*tate v. Raber*, 134 O.St.3d 350, 356, 2012-Ohio-5636, 982 N.E.2d 684.

Merely mentioning that if, hypothetically, a sexual predator classification were considered punitive, its imposition would violate double jeopardy is not a fair presentation of a claim that the sentencing in this case violates double jeopardy.

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must

be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). When Ingels failed to present his double jeopardy claim as an assignment of error in the First District.  He thereby failed to fairly present it and it is procedurally defaulted.

### Identity of the Court of Appeals

Ingels claims the Magistrate Judge incorrectly assumed that the same panel of the First District decided Case No. 2020-4367 as "rendered the correct opinion in 2018-724." (Objections, ECF No. 23, PageID 1508).  Not so.  The panel on the 2020 decision was Judges Winkler, Mock, and Bergeron (Opinion, State Court Record, ECF No. 9, Ex. 118, PageID 1152, 1163).  The prior panel consisted of Judges Deters, Zayas, and Cunningham. *Id.* at Ex. 108.  These judicial assignments are clearly displayed on the face of the State Court Record.  However, what matters is not the identity of the judges, but the identity of the court.  Put another way, the same court decided both cases; the fact that it was not the same judges is immaterial to the habeas petition.

### Certificate of Appealability

The Magistrate Judge recommended in the original Report that a certificate of appealability should be denied because reasonable jurists would not dispute the Report's conclusion.  Ingels

10

objects that reasonable jurists might disagree with the Magistrate Judge's interpretation of *North Carolina v. Pearce*, 395 U.S. 711 (1969), and *Goodell v. Williams* 643 F.3d 490 6th Cir. 2011).  If that is the case, Petitioner has not shown any reasonable jurist who has disagreed on the salient points, to wit, when does a presumption of vindictiveness arise on remand when an entirely different judge imposes a different, arguably more severe, sentence and what constitutes fair presentation of a double jeopardy claim.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such

objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

September 6, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
