# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

EARL INGELS,

        Petitioner,      :      Case No. 1:21-cv-561

- vs -      District Judge Matthew W. McFarland
      Magistrate Judge Michael R. Merz

WARDEN, North Central
 Correctional Institution,

                    :

        Respondent.

## DECISION AND ORDER ON MOTION TO EXPAND THE RECORD

This habeas corpus case is before the Court on Petitioner's Motion to Expand the Record (ECF No. 31). Ingels relies on Rule 7 of the Rules Governing § 2254 Cases which provides:

> **Rule 7. Expanding the Record**
>
> **(a) In General**. If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.
>
> **(b) Types of Materials.** The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record.
>
> **(c) Review by the Opposing Party.** The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

However, Ingels does not attach any of the documents with which he wishes to expand the

record, making it impossible for the Court to assess the propriety of adding those documents. Ingels also quotes Habeas Rule 6 on when discovery is allowed in habeas proceedings, but does not identify what discovery he wishes the Court to authorize.

Petitioner previously moved this Court to take judicial notice of certain documents apparently on file with the Hamilton County Clerk of Courts. In denying that motion, the Magistrate Judge held:

process of law." And, "conversely," the Attorney General contends

that "it is only where an act or omission operates so as to deprive a

defendant of notice or so as to deprive him of an opportunity to

present such evidence as he has, that it can be said that due process

of law has been denied." The petitioner argues that the Court should

take judicial notice of documents the resentencing judge claims that

she had reviewed prior to resentencing Petitioner, (see attached

copies of facts and information and Affidavit from the Courts

Gallery contesting this claimed review)."

(Motion, ECF No. 15, PageID 1329).

> The Court notes the following deficiencies in the Motion for Judicial Notice:
>
> 1. Despite Petitioner's reference to documents as being attached, there are no attachments at all.
>
> 2. Petitioner represents the documents "were retrieved from the Hamilton County Sheriff's Evidence by a Third Party under a Freedom of Information Act request." (ECF No. 145, PageID 1329). There is no documented paper trail showing the origins of these documents which is necessary to verify their authenticity.
>
> 3. Petitioner asserts the sentencing judge claimed she had reviewed these documents, but Petitioner gives no indication where that claim

> was made or place where this Court can verify that claim. If the resentencing judge made that claim on the record in this case, Petitioner should give the record reference by stating the document or ECF No. and the PageID, both of which are shown on the top of any filed document.

(Decision, ECF No. 18, PageID 1841). Petitioner has corrected none of these deficiencies in the instant Motion. It appears from his citations to the record of the 1998 trial that he has a copy of the trial transcript from that case because he purports to cite from it. But it is not in the record of this case and Ingels does not attach it to his Motion as a document with which the record is to be expanded. He purports to quote from it, but how is this Court to verify the accuracy of the quotation or judge the context from which the quotations are taken?

The next difficulty is the stage of these proceeding at which the Motion is filed. The Magistrate Judge's first Report and Recommendation on the merits was filed June 21, 2022 (ECF No. 20). While Habeas Rule 7 does not have a time limit, it appears that what Ingels' wants this Court to do is start over in analyzing the merits after the record was apparently complete. Ingels offers no justification for waiting to file the Motion until two opinions on the merits have been filed.

The Motion to Expand the Record is denied.

October 21, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
