# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

EARL INGELS,

      Petitioner,     :   Case No. 1:21-cv-561

   - vs -           District Judge Matthew W. McFarland
              Magistrate Judge Michael R. Merz

WARDEN, North Central
  Correctional Institution,

              :

      Respondent.

---

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

    This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 30) to the Magistrate Judge's Substituted Report and Recommendations ("Report," ECF No. 27). District Judge McFarland has recommitted the case for consideration of the Objections (ECF No. 32). The time within which Respondent might have replied to the Objections has expired and no response has been filed.

**Litigation History**

    On February 20, 1998, the Hamilton County grand jury indicted Ingels on six counts of kidnapping in violation of Ohio Revised Code § 2905.01(A)(4)(Counts 1, 3, 4, 5, 6, and 8); one count of gross sexual imposition in violation of Ohio Revised Code § 2907.05(a)(2)(Count 2); and one count of sexual battery in violation of Ohio Revised Code § 2907.03, (Count 7). Counts 1, 2,

3, 4 and 8 each carried a sexually violent predator specification and a sexual motivation specification. (State Court Record ECF 9, Exhibit 7). On April 8, 1998, the grand jury filed a separate indictment charging Ingels with two additional counts of kidnapping.

Following a jury trial, Ingels was found guilty of Counts 1 with specifications, 2, 3 with specifications, and 8 in Case No. B-9800321. The jury also found Ingels had acted with sexual motivation and the trial court found him to be a sexually violent predator for sentencing enhancement purposes. On July 31, 1998, in Case No. B-9800321, Judge Thomas H. Crush of the Hamilton County Court of Common Pleas sentenced Ingels to nine years to life in prison on Count 1; one year, six months in prison on Count 2, to be served concurrently with Count 1; nine years to life in prison on Count 3, to be served consecutively to Counts 1 and 2; and four years in prison on Count 8, to be served consecutively to Count 3, for an aggregate sentence of twenty-two years to life for this case. (State Court Record, ECF 9, Exhibit 11). In  Case No. B-9802147, the jury found Ingels guilty on Count 1 with specifications and Counts 3, 4, and 5; Judge Crush sentenced him to nine years in prison on each of Counts 1 and 3, to be served consecutively to each other, and consecutive to the sentence for Count 8 in Case No. B-9800321; twelve months in prison on Count 4, to be served concurrently to Count 3; and twelve months in prison on Count 5, served consecutively to Count 3, for an aggregate 19 year sentence for this case. (ECF 9, Exhibit 12, Case No. B-9802147, PageID 272). Ingels' aggregate sentence for both 1998 cases was forty-one years to life. With the consecutive two-year suspended sentence imposed from Case No. B-9500321, his total aggregate sentence for all three cases was forty-three years to life. (ECF 9, Exhibits 6, 13-14; PageID 251, 273-74).

For the next twenty years, Ingels unsuccessfully pursued numerous post-conviction attacks on his sentence.  Then on February 28, 2018, the First Appellate District Court reversed itself on

the sentencing-enhancement issue Ingels had been litigating since 2009, and held that Judge Crush had improperly used the sexually violent predator findings in Case Nos. B-9800321 and B-9802147 to enhance the kidnapping sentences with a life tail in Case No. B-9800321. The appellate court voided the kidnapping sentences imposed on Counts 1 and 3 in Case No. B-800321 and remanded the case to the trial court for correction and resentencing on the kidnapping convictions. *State v. Ingels,* 2018-Ohio-724 (Ohio App. 1st Dist. Feb. 28, 2018)

By this time, Judge Crush had been succeeded in office by Judge Meghan Stranahan as Petitioner recognized in his post-remand filings (See captions, State Court Record, ECF No. 9, Exs. 109, 110). Prior to the resentencing hearing, Ingels raised the claim he makes here that he could not legally be resentenced because his sentence had expired (State Court Record, ECF No. 9, Ex. 110).

At Ingels' resentencing hearing for Case No. B-9800321, Judge Stranahan imposed ten-year sentences on Counts 1 and 3, each of the kidnapping counts; one year and six months on Count 2; and four years on Count 8 with all sentences to be served consecutively to each other and consecutively to the sentences previously imposed in Case Nos. B-9507715 and B-9802147, making Ingels' aggregate prison sentence a definite forty-five years. Ingels was also found to be a sexual predator and ordered to register for life. (State Court Record, ECF 9, Exhibits 112-114).

Ingels appealed asserting Judge Stranahan had no jurisdiction to resentence him because his sentence had expired. He also argued she had exceeded the scope of the remand and violated his due process by rights by "vindictively sentencing Appellant to a harsher term of incarceration. . . ." (Appellant's Brief, State Court Record, ECF No. 9, PageID 1089.)

The First District Court of Appeals affirmed. *State v. Ingels,* 2020-Ohio-4367 (Ohio App. 1st Dist. Sept. 9, 2020). It rejected the claim that Ingels' sentences had already expired.

> Mr. Ingels cobbles together emails from the Ohio Department of Rehabilitation and Correction to the Hamilton County prosecutor's office, allegedly clarifying the length of his sentences. But these emails hardly go as far as Mr. Ingels imagines. Nothing in the emails indicates that the life tail on either sentence had been removed, resulting in a fully served sentence. And given that Mr. Ingels was still serving the sentences, he lacked a reasonable, legitimate expectation of finality in a void judgment. *See State v. Hunter,* 8th Dist. Cuyahoga Nos. 95111, 95112 and 95113, 2011-Ohio-1682, ¶ 20 (delay in resentencing did not render trial court without jurisdiction to resentence defendant), citing *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 37, *abrogated on other grounds, State v. Harper,* Slip Opinion No. 2020-Ohio-2913. As a result, we see no jurisdictional defect in the trial court's actions.

*Id.* at ¶ 10. The Supreme Court of Ohio declined jurisdiction. (Entry, State Court Record, ECF No. 9, Ex. 122). Ingels then filed his Petition here raising two grounds for relief. In the Return of Writ the Warden argued that Ingels had not established that he was vindictively sentenced and that his Double Jeopardy claim was procedurally defaulted. The original Report accepted both of these positions and recommended the Petition be dismissed with prejudice (ECF No. 20). Those recommendations were adhered to in the Substituted Report and Recommendations (ECF No. 27). Ingels now objects as to both Grounds for Relief (ECF No. 30).

**Ground One:  Vindictive Sentencing**

Ingels had raised his claim of vindictive sentencing on appeal to the First District, which held:

{¶11} Next, Mr. Ingels sets his sights on the trial court's decision to impose ten-year terms for counts one and three, maintaining that this constituted an impermissible vindictive sentence. Perceiving the new sentences as harsher than beforehand, he endeavors to invoke a presumption of vindictiveness. We have trouble seeing how sentences that fall short of a life sentence can be harsher than a life sentence, but we will set that aside for the moment. The United States Supreme Court has recognized that, while a court may impose a harsher sentence upon a defendant after a retrial, it may not do so as a punishment for exercising the right to appeal. *North Carolina v. Pearce*, 395 U.S. 711, 724-725, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Thus, where a reasonable likelihood exists that the increase in the sentence resulted from actual vindictiveness, this gives rise to a presumption of vindictiveness. *Alabama v. Smith*, 490 U.S. 794, 799, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

{¶12} But Mr. Ingels's effort to invoke this presumption encounters a jurisprudential blockade. Generally, courts in Ohio, including this district, have found that the presumption of vindictiveness does not apply when, as here, the original judge and the resentencing judge are distinct. *See, e.g., State v. Gonzales,* 151 Ohio App.3d 160, 2002-Ohio-4937, 783 N.E.2d 903, ¶ 65 (1st Dist.); *State v. Glover,* 8th Dist. Cuyahoga No. 88317, 2007-Ohio-2122, ¶ 109; *State v. Garrett*, 2d Dist. Clark No. 2007 CA 23, 2008-Ohio-1752, ¶ 24; *State v. Mitchell*, 6th Dist. Erie No. E-11-039, 2012-Ohio-1992, ¶ 8; *State v. Mitcham*, 11th Dist. Ashtabula No. 92-A-1693, 1993 WL 164713, *4 (Apr. 23, 1993); *State v. Aguirre*, 9th Dist. Lorain No. 99CA007434, 2000 WL 763343, *2 (June 14, 2000). This is because there is little risk under these circumstances of a trial court's interest in self-vindication or of discouraging what it views as meritless appeals. *See Texas v. McCullough,* 475 U.S. 134, 138, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986).

{¶13} Unable to avail himself of the presumption of vindictiveness, Mr. Ingels bore the burden to demonstrate that a vindictive motive existed on the part of the trial court resulting in actual vindictiveness in resentencing. *See Gonzales* at ¶ 65; *State v. Rahab,* 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 18 (without presumption of actual vindictiveness the defendant must prove actual vindictiveness). Needless to say, this is a steep road to climb for any defendant, and here Mr. Ingels makes no such showing, merely relying on the presumption of vindictiveness which did not apply under the circumstances at hand. We thus have no occasion to reverse his sentences as a product of vindictiveness.

*Ingels, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court such as the vindictive re-sentencing claim here, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).  Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

In the original Report, the Magistrate Judge held Ingels had not shown any way in which the First District's decision of this question was an unreasonable application of Supreme Court precedent (Report, ECF No. 20, PageID 1490-91.)  He still has not done so.  His Objections to the Substituted Report state "magistrate failed to make proper factual inferences when determining presumption of vindictiveness on re-sentencing," and

> Ingels asserts that based upon numerous case authorities, the presumption of vindictiveness is about resentencing by the same judge. There are no case authorities that state its based exclusively on a "retrial" or whether or not a "life-tail" was removed or added. Accepting the case authorities as written, resentencing by the same judge means resentencing, nothing more.

(Objections, ECF No. 30, PageID 1654-55).

This Objection is unpersuasive.  First it does not speak to any particular Supreme Court case that the First District misapplied.  Second, it inferentially argues for a completely wooden application of the rule and ignores the purpose of the presumption:  to prevent a trial judge's taking

vengeance on a defendant who has successfully appealed.  No presumption is warranted here:  It was Judge Thomas Crush's life tails that were reversed, not Judge Stranahan's.

Ingels had previously objected that the original Report failed to abide by *stare decisis*.  In the Substituted Report, the Magistrate Judge noted that Ingels had not said what precedent the Magistrate Judge failed to follow.  He now objects that it is *Goodell v. Williams*, 643 F. 3d 490 (6th Cir. 2011)(Objections, ECF No. 10, PageID 1656).  In that case the Sixth Circuit reversed a finding by the District Court that Goodell had proven facts that gave rise to a presumption of vindictiveness and instead held the District Court should have deferred to the state court finding of no vindictiveness.

> We conclude that the circumstances of Goodell's resentencing do not give rise to a presumption of vindictiveness, that even if such a presumption applied, it was rebutted, and that, in any event, the Ohio Court of Appeals' adjudication of these issues was neither contrary to nor an unreasonable application of clearly established federal law.

*Id.* at 493.  Ingels simply does not say how the Substituted Report fails to follow *Goodell*.  That objection should also be overruled.


**Ground Two:  Double Jeopardy**


In his Second Ground for Relief, Ingels claims that because he had already served the minimum term of incarceration on the two kidnaping counts, the Double Jeopardy Clause protects him from resentencing on those counts.  The original Report adopted the Warden's position that this claim was procedurally defaulted because it was not fairly presented to the Ohio courts.  It also concluded that Ingels did not attempt to show that this claim was fairly presented to the First District or that "he has any excusing cause to present to this Court for failing to do so."  (Report,

ECF No. 20, PageID 1492).

In his Objections, Ingels mentioned several places in the State Court Record where he had used the phrase "double jeopardy."  (ECF No. 23, PageID 1506-08).  The Substituted Report analyzed why these mere mentions of the phrase "double jeopardy" did not constitute a fair presentation of the Double Jeopardy claim (ECF No. 27, PageID 1645-46).  Ingels now objects, but only quotes boilerplate language apparently copied from someone else's writing[1] on the question of fair presentation (Objections, ECF No. 30, PageID 1656-57).  He cites the lenity doctrine, but that doctrine applies to the interpretation of criminal statutes, not to the obligation of habeas petitioners to fairly present their claims to the state courts.


**Conclusion**


Having reviewed Ingels' Objections to the Substituted Report, the Magistrate Judge adheres to his prior recommendation that the Petition should be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

---

[1] Note the differences in typeface.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

November 15, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

#