# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

EARL INGELS,

        Petitioner,     :    Case No. 1:21-cv-561

  - vs -                      District Judge Matthew W. McFarland
                                 Magistrate Judge Michael R. Merz

WARDEN, North Central
 Correctional Institution,

                                      :
        Respondent.

## DECISION AND ORDER DENYING RENEWED MOTION TO EXPAND THE RECORD

This habeas corpus case is before the Court on Petitioner's renewed Motion to Expand the Record (ECF No. 35).  The Magistrate Judge denied a motion to expand on October 24, 2002 (ECF No. 33).  Ingels has filed no objections to that Decision so as to obtain review by District Judge McFarland and his time to do so has expired, but the current motion raised a number of objections to the prior decision, so it will be treated as in the nature of a motion for reconsideration.

The documents now sought to be added to the record obviously were not before the Court when the Magistrate Judge rendered the Substituted Report and Recommendations (ECF No. 27) or the Supplemental Report and Recommendations (ECF No. 34).  While there is no absolute time limit on motions to expand the record, adding more evidence after a recommendation on the merits undermines judicial economy:  if the evidence were added, the Magistrate Judge would have to

1

start over in analyzing the case. For this reason, adding evidence after a dispositive report and recommendation has been filed is strongly discouraged.

Ingells begins by reciting Ohio R. Evid. 902 on authenticity[1]. In denying Ingells' prior Motion for Judicial Notice, the Magistrate Judge wrote:

> 2. Petitioner represents the documents "were retrieved from the Hamilton County Sheriff's Evidence by a Third Party under a Freedom of Information Act request." (ECF No. 145, PageID 1329). There is no documented paper trail showing the origins of these documents which is necessary to verify their authenticity.

(Decision, ECF No. 18, PageID 1841, quoted at ECF No. 33, PageID 1681). To the extent that documents now submitted are self-authenticating under Fed. R. Evid. 902, the lack of a paper trial does not preclude their addition to the record.

After commenting on proof of authenticity, Ingells objects that the Magistrate Judge denied the prior Motion to Expand without any opposition by Respondent, noting "It is not the duty of the Court to represent the Respondent in this action." (ECF No. 35, PageID 1694). That is certainly true; a judge who undertook to be an advocate for one side or the other in a case would be behaving unethically. But it is the duty of a judge to enforce the law, regardless of which side "wins" or "loses" a particular motion. In this particular instance, the Magistrate Judge denied the Motion to Expand because Petitioner sought to add documents to the record which did not properly come within Habeas Rule 7, for reasons which were explained. To the extent the documents in question were part of the original filing, they are already part of the record in the sense that they are on file with the Court (See Petition, ECF No. 1, Attachment 4.) That does not mean the Court agrees with the conclusions Ingells seeks to draw from them.

One document in particular deserves exclusion. Ingells has provided an Affidavit of

---

[1] It is, of course, the Federal Rules of Evidence which are applicable, but there is no material difference as relates to these documents.

2

Kimberly Steiritz who purports to testify about what documents Judge Stranahan did or did not review at resentencing (ECF No. 35, PageID 1715). It is notarized on January 16, 2019, so it satisfies Rule 902 and is self-authenticating. But that does not prove the truth of its contents. Indeed, it is classic hearsay: a document produced out of court intended to prove the truth of its content. But it is so clearly one-sided and argumentative in Ingells' favor that it is of little use in determining the truth of what happened in the courtroom that day.

      Petitioner's renewed Motion to Expand the Record is accordingly DENIED.

November 23, 2022.

s/ <i>Michael R. Merz</i><br>United States Magistrate Judge